**Vicente R. VELASQUEZ, Appellant,**

**v.**

**Corwin TELTSCHIK, Lloyd Lunsford, Emanuel Concepcion, Ronald Concepcion, and Elizabeth Concepcion, Appellees.**

**Nos. 14–96–0429–CV to 14–96–0431–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 18, 1996.

Rehearing Overruled July 18, 1996.

Vicente R. Velasquez, Houston, for appellant.

Corwin L. Teltschik, J. Anthony Hale, Houston, for appellees.

Before YATES, FOWLER and O'NEILL, JJ.

## CORRECTED OPINION

PER CURIAM.

This is an appeal from three judgments of dismissal. On March 29, 1996, appellant filed "Plaintiff-Appellant's Conditional Motion for

---

Extension of Time to File Appeal Bond, If and When the Court Finds That The Appeal Bond Was Not Timely." Appellees filed a response and objection and asked that we deny the motion and dismiss the appeals for want of jurisdiction. We deny appellant's motion and order the appeals dismissed for want of jurisdiction.

Appellant, a licensed attorney, initiated suit in the trial court against appellees under three different cause numbers seeking to recover damages for loss of contingency fees allegedly resulting from fraud, misrepresentation, conversion, and theft. Appellant also pled intentional infliction of emotional distress by slander and defamation. The original petitions were accompanied by affidavit of inability to pay costs of suit. *See* TEX.R. CIV. P. 145. Appellees contested the affidavits. The trial court sustained the contests and found the affidavits to be false, frivolous, and malicious. The trial court then dismissed the suits with prejudice on December 18, 1995.

Appellant timely filed motions for new trial. The deadline for perfecting the appeals was March 18, 1996. *See* TEX.R.APP. P. 41(a)(1). On February 27, 1996, appellant filed affidavits of inability to pay costs of appeal. On February 28, 1996, he filed notices of appeal. Appellees timely filed contests to the affidavits. *See* TEX.R.APP. P. 40(a)(3)(C).

The judge timely entered orders extending the time to hear the contests on the affidavits for a period of twenty days. *See* TEX.R.APP. P. 40(a)(3)(E). On March 21, 1996, the court heard the contests to the affidavits and sustained the contests. In the written order, the court further found the affidavits were false, frivolous, and not filed in good faith. On March 29, 1996, appellant filed appeal bonds with the trial court and his conditional motions to extend time with this court.

■ The appellate court may grant an extension of time to file a cost bond, notice of appeal, required deposit, or affidavit of inability if, within 15 days of the due date, the appellant files the bond, affidavit, notice of appeal, or makes the required deposit in the trial court and files a motion to extend time in the appellate court reasonably explaining the need for the extension. TEX.R.APP. P. 41(a)(2). If a contest to an affidavit of inability to pay costs on appeal is sustained, the time for filing the bond is extended until ten days after the contest is sustained.[1]

The rule makes no provision for an extension beyond the ten days after the contest is sustained. *See* TEX.R.APP. P. 41(a)(2); *White v. Baker & Botts*, 833 S.W.2d 327, 329–30 (Tex.App.—Houston [1st Dist.] 1992, no writ); 6 MCDONALD TEXAS CIVIL PRACTICE § 19.16 (1992). *But see Maniccia v. Johnson & Gibbs, P.C.*, 844 S.W.2d 296, 297 (Tex. App.—Austin 1992, no writ); *Lopez v. Foremost Paving, Inc.*, 671 S.W.2d 614 (Tex. App.—San Antonio 1984, no writ). The rule does provide, however, that the automatic ten-day extension is not available if the trial court recites and finds the affidavit of indigence was not filed in good faith. TEX.R.APP. P. 41(a)(2).

■ Appellant filed his bonds March 29, 1996, eight days after the trial court disallowed the affidavits and ten days after the last date for perfecting the appeal if he had not filed an affidavit of indigence.[2] We are unaware of any case addressing the issue presented here, namely, the availability of an extension after a finding of no good faith in filing an affidavit of indigence. We believe, however, that the clear intent of the rule was to deter the filing of affidavits made in bad faith by imposing a no-extension deadline. We thus hold that where the trial court

---

1. If the deadline for perfecting the appeal occurs after the ten days, then an appellant has until the later date. *Azbill v. Dallas County Child Protective Serv.*, 860 S.W.2d 133, 141 (Tex.App.—Dallas 1993, no writ).

2. Appellant did not argue that the appeal was timely perfected because of the timely notice of appeal. *See Linwood v. NCNB*, 885 S.W.2d 102 (Tex.1994). In *Linwood*, the supreme court held that if an appellant files a notice of appeal, and a notice of appeal is not the appropriate manner of perfecting, the party must be given time to correct the error because the party made a bona fide attempt to invoke our jurisdiction. In a case such as this, where the trial court made a written finding of no good faith, we would find it difficult to hold that the attempt to invoke our jurisdiction was "bona fide."

sustains the contest to an affidavit and makes a written finding that the affidavit was not filed in good faith, there is no provision for an extension to file a cost bond or to make a cash deposit.[3] Accordingly, we deny appellant's motions to extend time and order these appeals dismissed.

FOWLER, J., not participating.

---

**3.** Even if we entertained appellant's motion on its merits, we could not find it contains a "reasonable explanation" for the necessity of an extension. Appellant's contention that he could not have anticipated the trial court's finding of "not in good faith" (sic) lacks credence since the trial court found his affidavit of indigence filed in December 1995 to initiate his suit to be "false, frivolous, and malicious."