**Vicente R. VELASQUEZ, Appellant,**

v.

**Kenneth HARRISON, Appellee.**

No. 01–96–0428–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 19, 1996.

Vicente R. Velasquez, Houston, pro se.

L.T. Bradt, Houston, for Appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

## OPINION

PER CURIAM.

The appellee has filed a motion to dismiss this appeal for want of jurisdiction. We grant the motion and dismiss the appeal. In so doing, we hold that an appellant whose affidavit of inability to pay costs on appeal is found to be filed in bad faith is not entitled to

the automatic 10–day extension found in Texas Rule of Appellate Procedure 41(a)(2).

## Facts

The appellant attempted to appeal as an indigent, and both the appellee and the district clerk filed contests to his affidavit of inability to pay costs on appeal. The trial judge sustained the contest and found that the affidavit was "false, frivolous and not filed in good faith."

Within 10 days of the date on which the trial judge sustained the contest, the appellant filed an appeal bond and a motion for extension of time to file the appeal bond. The appellant argues in his motion that he is entitled to have rule 41(a)(2)'s automatic 10–day extension even though his affidavit was found and recited to be in bad faith. He also argues that, if he is not entitled to the rule 41(a)(2) automatic 10–day extension, he is entitled to an extension under the other provision of that rule because he filed the bond and the motion for extension of time within 15 days of the date the appeal bond was due.

## The rule 41(a)(2) automatic 10–day extension

■ Texas Rule of Appellate Procedure 41(a)(2) states that when a contest to an affidavit of inability to pay costs on appeal is sustained, the time for filing the bond is extended until 10 days after the contest is sustained "*unless* the trial court finds and recites that the affidavit is not filed in good faith." (Emphasis added.) The trial judge, as noted above, found and recited that the appellant's affidavit of inability to pay costs on appeal was "false, frivolous and not filed in good faith." Thus, the appellant does not have the benefit of the 10–day extension for the filing of the bond provided by rule 41(a)(2) when a contest is sustained.

There is no provision in the rules for a 10–day extension of time after the date a contest is sustained when the affidavit of inability to pay costs on appeal is found and recited to not have been filed in good faith. Rule 41(a)(2)'s provision that the 10–day extension

does not apply when the trial court finds and recites that the affidavit was not filed in good faith is not qualified; it is absolute. No exception to this provision exists in the rules.

■ The appellant argues that he should receive the rule 41(a)(2) 10–day extension because the appellee's attorney "tricked" the trial judge "into signing something [the finding that the appellant's affidavit of inability to pay costs on appeal was not filed in good faith] which [the trial judge] did not intend" to have effect. The trial judge signed an order that plainly states that the appellant's affidavit of inability to pay costs on appeal was not filed in good faith. While we presume the trial judge knew what he was signing, the crucial fact here is that he did in fact sign it. The rule 41(a)(2) 10–day extension therefore does not apply.

Even if the appellant's accusation was true, there is no exception in the rules that would allow the rule 41(a)(2) 10–day extension to apply in such a case.[1] We decline to grant the appellant an extension by "peeking behind" the order, and finding the trial judge didn't mean to sign it, just because the appellant states that he didn't mean to sign it. The actual content of an order is due more dignity than to be disregarded, even for the purpose of granting an extension, merely because a party claims that the judge was fooled into signing it.

The appellant is not entitled to the rule 41(a)(2) automatic 10–day extension.

## The normal rule 41(a)(2) extension

■ The date on which the appellant filed the bond was within the 15–day period after the date falling 90 days after the judgment was signed.

In *White v. Baker & Botts*, 833 S.W.2d 327, 328 n. 3 (Tex.App.—Houston [1st Dist.] 1992, no writ), we held that, "In no event does the appellant have less than 30 days (when no motion for new trial or request for findings of fact are filed) or 90 days (when a motion for new trial or request for findings of fact are filed) from the date the judgment was signed to perfect the appeal." Thus, the

---

1. The record does not show that the appellant ever complained to *the trial judge* that the appellee's attorney "tricked" the trial judge into signing the order that recites the finding that the affidavit was not filed in good faith.

appellant still had some time to file an appeal bond and a proper motion for extension of time to file an appeal bond after the trial court sustained the contest to his affidavit of inability to pays costs on appeal and found that the affidavit was filed not in good faith, because the time period of 90 days from the date the judgment was signed plus 15 more days (the time for filing an extension of time) had not yet expired.

Rule 41(a)(2) provides that such an extension of time "may be granted by the appellate court for late filing of a cost bond ... if such bond ... is filed ... not later than fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension." TEX.R.APP. P. 41(a)(2). As noted above, the bond was filed within 15 days of the last day allowed, *i.e.*, within 15 days after the date falling 90 days after the judgment was signed. So the question is whether a motion for extension of time *"reasonably explaining the need for such extension"* was also filed within 15 days after the bond's due-date. While a motion for extension of time was filed within that period, we hold that a motion for extension of time *"reasonably explaining the need for such extension"* was not.

■ A reasonable explanation for an extension is any plausible statement of circumstances that indicates that the failure to timely file was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance. *Hagaman v. Morgan,* 886 S.W.2d 398, 403 (Tex.App.—Dallas 1994, writ denied). Any conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake, or mischance, even if that conduct constitutes professional negligence. *Id.*

The appellant contends that he should receive an extension because he could not have anticipated that the trial judge would find that the appellant's affidavit of inability to pay costs on appeal was not filed in good faith. In view of the fact that the trial judge found the appellant's affidavit of inability to

pay the costs of the *lawsuit* to be "false, frivolous, and malicious"—and also considering that the trial judge also found that the appellant's suit itself was "frivolous, malicious and vexatious" and that another judge who heard the appellant's motion to recuse the trial judge found that the motion to recuse was brought solely for the purpose of delay and without sufficient cause—we hold that the appellant's argument sorely lacks credence. It is worth noting that the Fourteenth Court of Appeals, in *Velasquez v. Teltschik,* 932 S.W.2d 666 (Tex.App.—Houston [14th Dist.] 1996, n.w.h.),[2] rejected this same argument:

> Even if we entertained appellant's motion on its merits, we could not find it contains a "reasonable explanation" for the necessity of an extension. Appellant's contention that he could not have anticipated the trial court's finding of "not in good faith" (sic) lacks credence since the trial court found his affidavit of indigence filed in December 1995 to initiate his suit to be "false, frivolous, and malicious."

*Id.,* at 668 n. 3.

In any event, we decline to hold that an appellant has reasonably explained the need for an extension when he contends he is entitled to an extension merely because he thought he would prevail in the contest to his affidavit, but didn't. Such a claim could potentially apply in every such case, and the rule would therefore be effectively neutralized.

Considering the reasons given in the appellant's motion, we hold that the appellant's failure to timely file the appeal bond was not the result of a "mistake." We hold that the motion for extension of time does not reasonably explain the need for an extension, and we therefore deny the motion.

**Conclusion**

■ We have no jurisdiction to consider an appeal in which the appeal bond or its equivalent was not timely filed. *Molina v. Kelco Tool & Die, Inc.,* 904 S.W.2d 857, 859

---

**2.** The Fourteenth Court's *Velasquez* case involves the same appellant and the same dates and facts

as this case, with one or two exceptions.

(Tex.App.—Houston [1st Dist.] 1995, writ denied). Such an appeal should be dismissed. *Id.* We therefore grant the appellee's motion to dismiss and dismiss the appeal.