TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-01-00032-CV

David Aston d/b/a Aston Landscape & Construction and

Aston Landscape & Construction, Inc., Appellants

v.

Texas Workers' Compensation Insurance Facility, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. 96-07119, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 

PER CURIAM

 Because appellants David Aston d/b/a Aston Landscape & Construction and Aston
Landscape & Construction, Inc. failed to file timely a perfecting instrument, we will dismiss the
appeal for want of jurisdiction on our own motion. See Tex. R. App. P. 26.1, 42.3(a).

 The trial court signed the judgment on September 7, 2000. Consequently,
appellants' notice of appeal was due October 9, 2000, thirty days after the judgment was signed,
absent a timely filed motion extending the appellate deadlines. See Tex. R. App. P. 26.1(a). In reviewing the submitted clerk's record, the Clerk of this Court noted that
appellants filed a Request for Findings of Fact and Conclusions of Law on September 29, 2000
and a Motion for New Trial on October 10, 2000. Because the judgment was signed on
September 7, 2000, appellants' Request for Findings of Fact and Conclusions of Law was due on
September 27, 2000, and their Motion for New Trial was due on October 9, 2000. See Tex. R.
Civ. P. 296, 329b(a).

 By letter dated March 14, 2001, the Clerk of this Court requested from appellants
either (1) proof of timely mailing of either, or both, of these filings or (2) an affidavit swearing
that the filings were mailed to the district clerk's office on or before the due dates. The Clerk
gave appellants until March 24, 2001 to respond or the cause would be dismissed for want of
jurisdiction. The Clerk has received no response from appellants. 

 The time period for filing a perfecting instrument is jurisdictional. Velasquez v.
Harrison, 934 S.W.2d 767, 770 (Tex. App.--Houston [1st Dist.] 1996, no writ). When an
appellant fails to file timely a perfecting instrument or properly seek an extension of time to file
a perfecting instrument, the appellate court must dismiss the cause for lack of jurisdiction. Id. 

 Because appellants' notice of appeal was not timely filed, this Court is without
jurisdiction over the appeal. Accordingly, we dismiss this appeal for want of jurisdiction on our
own motion. See Tex. R. App. P. 42.3(a).

Before Justices Kidd, B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: April 12, 2001

Do Not Publish