# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00699-CV

**Don Stelzer, Appellant**

**v.**

**Telserve Communication, Inc.; Jerry D. Gibson; and Jim Williams, Jr., Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. C96-0867A, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

Because appellant Don Stelzer failed to timely file a perfecting instrument, we will dismiss the appeal for want of jurisdiction on our own motion. *See* Tex. R. App. P. 26.1, 42.3(a).

The trial court signed an order dismissing this cause for want of prosecution on August 29, 2001. Consequently, appellant's notice of appeal was due September 28, 2001, thirty days after the order was signed, absent a timely filed motion extending the appellate deadlines. *See* Tex. R. App. P. 26.1(a).

On December 14, 2001, the Clerk of this Court filed appellant's motion to extend time to file notice of appeal. In his motion, appellant indicates that a motion to reinstate or in the alternative for new trial was filed with the trial court. Thus, according to appellant, a notice of appeal was due November 27, 2001, ninety days after the trial court signed its order of dismissal, *see* Tex. R. App. P. 26.1(a)(3), and a motion to extend time to file a notice of appeal was due December 12, 2001, fifteen days later. *See* Tex. R. App. P. 26.3 (appellate court may extend time to file notice of

appeal if motion requesting extension of time is filed within fifteen days after deadline for filing notice of appeal).

On January 7, 2002, the Clerk of this Court filed appellees' verified response to appellant's motion to extend time to file notice of appeal. In their response, appellees allege that although appellant filed a motion to reinstate or in the alternative for new trial with the trial court on September 28, 2001, thirty days after the trial court signed the dismissal order, the motion was unverified. *See* Tex. R. Civ. P. 165a(3); *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (motion to reinstate must be verified); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986) (unverified motion does not extend time for perfecting appeal); *see also City of McAllen v. Ramirez*, 875 S.W.2d 702, 704-05 (Tex. App.—Corpus Christi 1994, orig. proceeding) (holding that unverified motion for new trial is not viable substitute for verified motion to reinstate). On October 12, forty-four days after the trial court signed its dismissal order, appellant filed an amended motion to reinstate or in the alternative for new trial, which was verified. However, this amended motion was filed after the trial court had lost its plenary jurisdiction to consider the motion. *Owen v. Hodge*, 874 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1994, no writ) (supplementation of unverified motion to reinstate after thirty-day deadline has lapsed will not extend trial court's jurisdiction). Appellees attached copies to their verified response of the trial court's dismissal order and the two motions to reinstate. To date, appellant has not refuted appellees' assertions, challenged the authenticity of the copies of the documents provided by appellees, or provided this Court with any controverting evidence demonstrating that a verified motion to reinstate was timely filed with the trial court, thus extending the deadline to file a notice of appeal.

Considering the assertions in appellees' verified response and the attached exhibits, this Court concludes that appellant failed to timely file with the trial court the proper instrument necessary to extend the deadline for filing a notice of appeal. *See* Tex. Gov't Code Ann. § 22.220(c) (West 1988) (court may ascertain matters of fact necessary to proper exercise of its jurisdiction); *Flores v. Citizens State Bank of Roma* 954 S.W.2d 78, 79 (Tex. App.—San Antonio 1997, no writ) (relying on verified motion to dismiss along with attached certified copies to ascertain jurisdiction over appeal).

Even assuming that a verified motion was timely filed with the trial court and the deadline to file a notice of appeal was November 27, 2001, appellant has failed to demonstrate to this Court that he has complied with this deadline. Rule 26.3 of the rules of appellate procedure allows an appellant to request an extension of time to file a notice of appeal if the motion is filed within fifteen days after the deadline for filing the notice of appeal. Tex. R. App. P. 26.3. In order to comply with this rule, appellant's motion for extension of time must have been filed by December 12, 2001. Attached to appellant's motion to extend time is a copy of a postmarked envelope. It appears from the copy that the envelope was stamped by a postage meter on December 12. To the left of the stamp is a postmark, which reflects that the envelope was mailed on December 13, 2001. According to this official postmark, appellant mailed his motion to extend time to file notice of appeal one day after the December 12 deadline. *See Albaugh v. State Bank of La Vernia*, 586 S.W.2d 137, 137-38 (Tex. App.—San Antonio 1979, no writ) (holding that "metered stamp merely shows the date which appeared on the meter at the time the envelope was stamped, rather than the actual date"). Thus, even if appellant had properly extended the appellate timetable, he failed to comply with the extended deadline.

3

The time period for filing a perfecting instrument is jurisdictional. *Velasquez v. Harrison*, 934 S.W.2d 767, 770 (Tex. App.—Houston [1st Dist.] 1996, no writ). When an appellant fails to file timely a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate court must dismiss the cause for lack of jurisdiction. *Id.*

Because appellant's notice of appeal was not timely filed, this Court is without jurisdiction over the appeal. Accordingly, we dismiss this appeal, as well as appellant's motion to extend time to file notice of appeal, for want of jurisdiction on our own motion. *See* Tex. R. App. P. 42.3(a).

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

File: January 25, 2002

Do Not Publish

4