TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00773-CV






William H. Lile, Appellant



v.



Enflite, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. GN003101, HONORABLE PAUL DAVIS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N


 Appellant William H. Lile seeks to appeal the district court's judgment for contempt
and an order assessing sanctions. Appellee Enflite, Inc. moves to dismiss the appeal for want of
jurisdiction and requests damages. See Tex. R. App. P. 45. We grant Enflite's motion to dismiss
and dismiss the appeal and the request for damages. 

 The district court found Lile, along with co-defendants Aviation Mechanisms, Inc.,
Michael G. Deel, and Daman K. Farrar, in contempt of court for violating an agreed permanent
injunction. Lile and his co-defendants were found individually liable in the amount of $500 for each
of 401 violations. The district court also granted a motion for sanctions filed by Enflite and assessed
sanctions against the defendants, jointly and severally, for abuse of discovery. Both the contempt
judgment and the sanctions order were rendered on May 7, 2002. Neither Lile nor any of his co-defendants timely filed a motion for new trial. 

 On October 8, 2002, Lile filed with the district court a motion for reconsideration of
the contempt judgment and sanctions order. The court denied the motion for want of jurisdiction
on November 19. On December 13, Lile filed with this Court a notice of appeal. 

 A notice of appeal must be filed within thirty days after a judgment is signed, or
within ninety days if the party timely files a motion for new trial or to modify judgment. Tex. R.
App. P. 26.1. A timely filed motion for new trial or motion to modify judgment is one filed within
thirty days after the judgment is signed. Tex. R. Civ. P. 329b(a). Here, Lile filed his motion for
reconsideration more than thirty days after the judgment was signed. Thus, he failed to extend the
time to file his notice of appeal. His notice of appeal was therefore due thirty days after the judgment
was signed. Because Lile did not file his notice of appeal until more than thirty days after the
judgment was signed, his notice of appeal was untimely. The time period for filing a perfecting
instrument is jurisdictional. Velasquez v. Harrison, 934 S.W.2d 767, 770 (Tex. App.--Houston [1st
Dist.] 1996, no writ). When an appellant fails to file timely a perfecting instrument or properly seek
an extension of time to file a perfecting instrument, the appellate court must dismiss the cause for
lack of jurisdiction. Id. 

 Because appellant's notice of appeal was not timely filed, this Court is without
jurisdiction over the appeal. Accordingly, we grant Enflite's motion to dismiss and dismiss this
appeal for want of jurisdiction and the motion for damages for frivolous appeal. See Tex. R. App.
P. 42.3(a). 



 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: January 16, 2003