# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00737-CV

**Marilyn Roth, Individually and as Trustee for Maufrais Land Trust, Appellant**

**v.**

**All in One Foundation Repair, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. GN201074, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Marilyn Roth, Individually and as Trustee for Maufrais Land Trust, filed with this Court a motion to extend time for filing a notice of appeal. According to appellant=s motion, the district court granted appellee=s summary judgment motion and rendered judgment on August 19, 2002. Appellant claimed she did not receive notice of the judgment until October 11, 2002. She, therefore, filed a motion for new trial on October 14, more than thirty days after the rendition of judgment. *See* Tex. R. Civ. P. 329b. The district court signed an order denying the motion for new trial on November 13, and appellant filed her notice of appeal on December 2.

Because appellant had not presented to this Court any finding by the district court reflecting the date that she received notice or acquired actual knowledge of the judgment, *see* Tex. R. App. P. 306a(5); Tex. R. App. P. 4.2(c), by order dated December 12, 2002, this Court abated appellant=s appeal to provide the parties an opportunity to obtain the requisite findings from the district court. After this Court issued its order, the district court rendered an amended order denying motion for new trial dated December 18. In her order, the district court included the following finding: A[T]he Court finds that Ms. Roth received notice on September 9, 2002.@ Roth now requests that this Court order the district court to hold an evidentiary hearing so that she may establish the date that she received notice of the judgment. The district court noted in her order, however, that she heard evidence and argument and took judicial notice of her file and docket detail before reaching her decision.

Appellant failed to establish that she did not receive notice or acquire actual knowledge of the judgment until more than twenty days after it was signed. Accordingly, she may not benefit from an extended appellate deadline under rule 306a(4) of the rules of civil procedure. Her notice of appeal was due within thirty days after the judgment was signed. Tex. R. App. P. 26.1. Because appellant did not file her notice of appeal until more than thirty days after the judgment was signed, her notice of appeal was untimely. The time period for filing a perfecting instrument is jurisdictional. *Velasquez v. Harrison*, 934 S.W.2d 767, 770 (Tex. App.CHouston [1st Dist.] 1996, no writ). When an appellant fails to file timely a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate court must dismiss the cause for lack of jurisdiction. *Id.*

Because appellant=s notice of appeal was not timely filed, this Court is without jurisdiction

2

over the appeal.  Accordingly, we dismiss this appeal for want of jurisdiction along with appellant=s motion to extend time to file a notice of appeal and her request for an order directing the district court to hold an evidentiary hearing.  *See* Tex. R. App. P. 42.3(a).

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed:   January 24, 2003