# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00347-CV

### WESCO Distribution, Inc., Appellant

### v.

### Commercial Indemnity Insurance Company, Appellee

---

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 01-686-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Because appellant WESCO Distribution, Inc. failed to timely file its notice of appeal and its motion for extension of time to file a notice of appeal, we grant appellee Commercial Indemnity Insurance Company's motion to dismiss appeal and dismiss WESCO's appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). We also dismiss WESCO's motion for extension of time to file a notice of appeal.

A review of WESCO's docketing statement filed with this Court reveals that the trial court signed a final summary judgment in this cause on April 23, 2003. Thus, a notice of appeal was due to be filed on or before May 23, 2003, within 30 days after the summary judgment was signed. *See id.* 26.1(c). Any motion for extension of time to file the notice of appeal was due within fifteen days of the due date of the notice of appeal, or June 9, 2003. *See id.* 26.3.

WESCO filed its notice of appeal and a motion for extension of time to file its notice of appeal on June 17, 2003. In its motion, WESCO explained that before the trial court signed the final summary judgment, the parties and the trial court engaged in a telephonic hearing. During that hearing, WESCO sought clarification of the trial court's basis for granting summary judgment. It informed the trial court that it intended to request findings of fact and conclusions of law. The trial court informed WESCO that it would entertain the request and solicited proposed findings and conclusions from the parties. WESCO therefore filed a request for findings of fact and conclusions of law, mistakenly believing that by filing the request it had extended its notice-of-appeal filing deadline until 90 days after the final summary judgment was signed. *See id.* Acknowledging that it is now aware that a request for findings of fact following the grant of a motion for summary judgment does not extend the appellate deadline, WESCO nevertheless argues that its request for conclusions of law should be properly considered, and even if it is not, then equitable considerations should apply to allow the late filing of its notice of appeal.

On June 27, 2003, Commercial Indemnity filed its motion to dismiss this appeal, pointing out that WESCO had failed to comply with the appellate deadlines. By letter dated July 1, 2003, this Court advised WESCO that unless it could explain how this Court has jurisdiction over the appeal, this Court would dismiss the appeal for want of jurisdiction. *See id.* 42.3 (appellate court must provide ten days' notice before dismissing for want of jurisdiction on its own motion). WESCO responded, setting forth the same arguments it made in its motion for extension of time to file notice of appeal.

2

Recently, this Court held in *Foster v. Centex Capital Corp.*, 80 S.W.3d 140 (Tex. App.—Austin 2002, pet. denied), that findings of fact are inappropriate after a trial court renders a summary judgment. 80 S.W.3d at 144 (citing *IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994)). Although this Court's opinion addresses only findings of fact, the Texas Supreme Court opinion relied on by this Court, *IKB Industries*, addresses both findings of fact *and conclusions of law*, explaining that neither has a purpose in summary judgment proceedings:

> [I]f summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response. The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment. Because a request for findings *and conclusions* following summary judgment can have no purpose, should not be filed, and if filed, should be ignored by the trial court, such a request should not extend appellate deadlines.

*IKB Indus.*, 938 S.W.2d at 441-42 (emphasis added). Thus, WESCO's request for findings of fact and conclusions of law did not extend its appellate deadline.

Because WESCO did not file its notice of appeal until more than 30 days after the trial court signed the summary judgment, its notice of appeal was untimely. And because WESCO's motion for extension of time was filed more than 15 days after the deadline to file a notice of appeal, the motion was also untimely. The time period for filing a perfecting instrument is jurisdictional. *Velasquez v. Harrison*, 934 S.W.2d 767, 770 (Tex. App.—Houston [1st Dist.] 1996, no writ). When an appellant fails to file timely a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate court must dismiss the cause for lack of jurisdiction. *Id.*

3

Accordingly, we dismiss this appeal and all related motions for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed:   July 24, 2003