Dismissed and Memorandum Opinion filed September 30, 2003














Dismissed and
Memorandum Opinion filed September 30, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00163-CV

_______________

 

DEMETRI
MARSHALL, Appellant

 

V.

 

LENORA WILKES, Appellee

____________________________________________________

 

On Appeal from
the 310th District Court

Harris County, Texas

Trial Court
Cause No. 96-32216

____________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant Demetri
Marshall contends in nine issues that the trial court erred in modifying his
child support obligations and in holding him in contempt of court.  We dismiss for want of jurisdiction. 

            As a preliminary matter, appellee
Lenora Wilkes asserts Marshall has filed
an untimely appeal that we must dismiss. 
We agree.  The associate judge who
heard this case orally ruled on child support modification and contempt on August 29, 2001 in the
presence of the parties and their attorneys. 
An associate judge may give the parties notice of the substance of his
or her report in open court by oral statement. 
Tex. Fam.
Code Ann. § 201.011(c)(1) (Vernon 2002).  Such notice triggers a three-day deadline to
file a notice of appeal with the referring court.  Tex. Fam. Code Ann. § 201.015(a) (Vernon 2002).  Marshall waited to
file his notice of appeal of the associate judge’s ruling until September 27, 2001, far
beyond the three days allowed by statute. 


            By that time, the referring court
had already adopted the associate judge’s ruling.  See
Tex. Fam. Code Ann. § 201.014 (Vernon 2002) (if no written notice of
appeal has been filed, referring court may adopt the associate judge’s report).  Thus, the referring court’s order, dated September 25, 2001, was the
final judgment, and appellate deadlines began to then run.  See
Tex. Fam. Code
Ann. § 201.016(b) (Vernon 2002) (date of referring court’s judgment is
the controlling date for appeal to the court of appeals).  Because Marshall did not
file a motion for new trial, he needed to perfect appeal within thirty days of
the judgment.  Tex. R. App. P. 26.1.  Marshall filed his
notice of appeal more than thirty days after judgment, on December 14, 2001.  This was too late to perfect appeal.

            The time for perfecting appeal is
jurisdictional.  Velasquez v. Harrison, 934 S.W.2d 767,
770 (Tex. App.—Houston [1st Dist.] 1996, no writ).  We have no jurisdiction to address an
untimely appeal.  See id. at 770–71.  Accordingly, we dismiss this appeal for want
of jurisdiction.  Tex. R. App. P. 42.3.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed September 30, 2003.

Panel consists of Chief
Justice Brister and Justices Anderson and Seymore.