# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## NO. 03-05-00425-CV

========================


**Yvonne Harrison, Appellant**

**v.**

**Demetrius Loukas, M.D.; Jack Bissett, M.D.; Jason Melear, M.D.;
Judith Betts, M.D. and Jack Politz, M.D., Appellees**


==================================================================

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. GN401761, HONORABLE PETER M. LOWRY, JUDGE PRESIDING
==================================================================


## M E M O R A N D U M   O P I N I O N


In this medical malpractice case, the district court dismissed appellant Yvonne Harrison's causes of action against appellees Jack Bissett, M.D., and Jack Politz, M.D., on March 10, 2005, for failure to comply with the expert report requirements of civil practices and remedies code section 74.351. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2005). The district court also granted summary judgment in favor of appellee Judith Betts, M.D., on March 10, and in favor of appellees Demetrius Loukas, M.D., and Jason Melear, M.D., on March 11, on limitations grounds. Harrison filed her notice of appeal on May 6.

Although Harrison filed a request for findings of fact and conclusions of law on March 23, such findings and conclusions were not required and could not be properly considered by

this Court concerning the summary judgments. *See* Tex. R. App. P. 26.1(a)(4); *IKB Indus. Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994).

When considering the dismissal orders based on Harrison's failure to file section 74.351 expert reports, we again emphasize that a request for findings of fact and conclusions of law "does not extend the time for perfecting appeal of a judgment rendered as a matter of law, where findings and conclusions can have no purpose and should not be requested, made, or considered on appeal." *IKB Indus.*, 938 S.W.2d at 443. Harrison conceded at the hearing before the district court that she did not timely submit an expert report in compliance with section 74.351; she argued to the district court only that she could not submit an expert report because of allegedly fraudulent actions on the part of some of the appellees. However, Harrison did not offer any evidence to support a finding of fraud of any kind on the part of the appellees. Thus, findings of fact and conclusions of law would serve no purpose in this appeal. As a result, Harrison's request for findings of fact and conclusions of law did not extend the deadline for filing a notice of appeal.

Because Harrison did not file her notice of appeal until more than 30 days after the trial court signed the summary judgment and dismissal orders, her notice of appeal was untimely. *See* Tex. R. App. P. 26.1. Harrison did not file a motion for extension of time within 15 days after the deadline to file a notice of appeal. Tex. R. App. P. 26.3. The time period for filing a perfecting instrument is jurisdictional. *Velasquez v. Harrison*, 934 S.W.2d 767, 770 (Tex. App.—Houston [1st Dist.] 1996, no writ). When an appellant fails to file timely a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate court must dismiss the cause for

2

want of jurisdiction. *Id*. Accordingly, we dismiss this appeal and all related motions for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:  December 13, 2005