# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00110-CV

**Jon Alan Ashcraft, Appellant**

**v.**

**Estate of Jay Arden Ashcraft and Richard Trachtenberg, Administrator, Appellees**

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-10-000318, HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On February 14, 2011, Appellant Jon Alan Ashcraft, appearing pro se, filed a notice of appeal from the probate court's declaratory judgment, which was signed on October 6, 2010. On June 8, 2011, pursuant to rule of appellate procedure 42.3, this Court notified Ashcraft that the notice of appeal appeared to be untimely and that his appeal would be dismissed unless he provided information on or before June 20, 2011, to show the jurisdiction of this Court. *See* Tex. R. App. P. 42.3. In response, Ashcraft informed us that he is incarcerated, that the probate court denied his motion for issuance of a bench warrant and his motion to participate in the hearing by teleconference, and that he did not receive notice of the signing of the judgment until November 15, 2010, more than twenty days after the judgment was signed. Ashcraft further informed us, and the clerk's record confirms, that on November 30, 2010, he filed a motion pursuant to rule of civil procedure 306a

to establish the operative date of the judgment, which he re-urged on January 4, 2011, and January 23, 2011. *See* Tex. R. Civ. P. 306a(5).

Rule 306a of the rules of civil procedure provides that if, within twenty days after a judgment is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment, then appellate deadlines shall begin to run from the date that such party received notice or acquired actual knowledge of the rendition of judgment. Tex. R. Civ. P. 306a(4); *see also* Tex. R. App. P. 4.2(a). In order to establish the application of the rule, the adversely affected party must prove in the trial court on sworn motion and notice the date on which the party first received notice of the judgment or acquired actual knowledge of it and that this date was more than twenty days after it was signed. Tex. R. Civ. P. 306a(5); Tex. R. App. P. 4.2(b). After hearing the motion, the trial court must sign a written order that finds the date when the party first received notice or acquired actual knowledge of the signing of the judgment. Tex. R. App. P. 4.2(c).

The probate court did not rule on Ashcraft's motion. *See* Tex. R. App. P. 4.2(c). Accordingly, we abated this appeal and remanded the cause to the probate court to conduct the requisite hearing and to sign an order ruling on Ashcraft's motion. *See id*. On remand, the probate court issued an order denying Ashcraft's rule 306a motion. In the order, the probate court stated, "The Court finds that Movant fails to comply with Tex. R. Civ. P. 306a, hence it denies the motion."

The probate court cited two bases for denying Ashcraft's motion. First, the probate court noted that the motion was not sworn, as required by rule 306a. *See* Tex. R. Civ. P. 306a(5). The probate court observed that, although incarcerated, Ashcraft had previously filed at least

2

two instruments with the probate court which were duly notarized. Thus, the probate court found that the omission was not excused. As a second basis for denying the motion, the probate court found that Ashcraft's motion for new trial was untimely. Ashcraft contends that he received notice of the judgment on November 15, 2010, yet the trial court found that he did not file a motion for new trial until December 22, 2010. Consequently, the probate court found that the judgment was final before the motion for new trial was filed and Ashcraft's filing a motion for new trial did not extend appellate deadlines. *See* Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1(a)(1).

By failing to comply with rule 306a, Ashcraft failed to establish that he did not receive notice or acquire actual knowledge of the judgment until more than twenty days after it was signed. *See* Tex. R. Civ. P. 306a(5). Accordingly, Ashcraft is not entitled to benefit from an extended appellate deadline under rule 306a(4). *See* Tex. R. Civ. P. 306a(4). Further, absent proper proof establishing that Ashcraft received late notice or knowledge of the judgment, his motion for new trial was untimely and cannot operate to extend the deadline for filing a notice of appeal. Therefore, his notice of appeal was due within thirty days after the judgment was signed. Tex. R. App. P. 26.1. Because Ashcraft did not file his notice of appeal until more than thirty days after the judgment was signed, his notice of appeal was untimely. The time period for filing a perfecting instrument is jurisdictional. *Velasquez v. Harrison*, 934 S.W.2d 767, 770 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Serrano v. Walters*, No. 03-03-00604-CV, 2003 Tex. App. LEXIS 9832, at *2 (Tex. App.—Austin Nov. 20, 2003, no pet.) (mem. op.). When an appellant fails to timely file a perfecting instrument or properly seek an extension of time to file such an instrument, the appellate

3

court must dismiss the cause for lack of jurisdiction. *Velasquez*, 934 S.W.2d at 770; *Serrano*, 2003 Tex. App. LEXIS 9832, at *2.

Because Ashcraft's notice of appeal was not timely filed, this Court is without jurisdiction to hear his appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed:   August 2, 2011

4