**Opinion issued May 11, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00389-CV

———————————

## IN THE ESTATE OF WALTER STANLEY CRANE, JR.

On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Case No. 478731

## MEMORANDUM OPINION

Appellant, Aundra Higgins Crane, filed her notice of appeal 92 days after the trial court signed an order granting summary judgment in favor of appellee, Dolores Pilgrim Osteen. Appellee has filed a motion to dismiss this appeal for want of jurisdiction because appellant's notice of appeal is untimely. We grant appellee's motion to dismiss the appeal.

## Background

The trial court signed an order granting appellee's motion for summary judgment on April 15, 2021 (the "Order"). The Order dismisses with prejudice "all of Plaintiff Aundra Higgins Crane's remaining claims asserted against Defendant Dolores Osteen." Appellant filed a Request for Findings of Fact and Conclusions of Law on May 5, 2021. Appellee filed an objection to the request on May 25, 2021. The trial court did not rule on the request, and appellant filed her notice of appeal on July 16, 2021—92 days after the trial court signed the Order.

## Discussion

Generally, the deadline to file a notice of appeal is 30 days after the judgment is signed. TEX. R. APP. P. 26.1. The time period for filing a perfecting instrument is jurisdictional. *Velasquez v. Harrison*, 934 S.W.2d 767, 770 (Tex. App.—Houston [1st Dist.] 1996, no writ). If a reviewing court lacks jurisdiction because the notice of appeal is untimely, it must dismiss the case. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005).

The general 30-day deadline to file a notice of appeal can be extended if a party timely files a request for findings of fact and conclusions of law. TEX. R. APP. P. 26.1(a)(4). Rule 26.1(a)(4) provides that a timely-filed request extends the time to file a notice of appeal to 90 days after the judgment is signed. *Id.* But this extension applies only in cases where findings and conclusions are either required by the Rules

of Procedure or could be properly considered by the appellate court. TEX. R. APP. P. 26.1(a)(4). The Texas Supreme Court has made clear that "findings of fact and conclusions of law have no place in a summary judgment proceeding." *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (findings of fact are inappropriate in summary judgment proceeding because there cannot be genuine issue as to any material fact for summary judgment to be rendered); *see also IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997) ("The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment.").

Here, appellant could not invoke the 90-day deadline in Rule 26.1(a)(4) because this Court cannot properly consider any findings of fact or conclusions of law in reviewing the order granting summary judgment. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (holding request for findings in case concluded by summary judgment does not extend appellate deadlines). Moreover, appellant did not timely file her request for findings of fact and conclusions of law under Rule 296 of the Texas Rules of Civil Procedure. *See* TEX. R. APP. P. 26.1(a)(4). Appellant filed her request on May 25, 2021, which is more than 20 days after the trial court signed the Order on April 15, 2021. *See* TEX. R. CIV. P. 296 (requiring request for findings of fact and conclusions of law to be filed within 20 days after judgment is signed).

## Conclusion

Appellant's notice of appeal was due 30 days after the summary judgment order was signed. *See* TEX. R. APP. P. 26.1. Because appellant's notice of appeal was untimely filed 92 days after the trial court signed its judgment, we lack jurisdiction to consider appellant's appeal. Accordingly, appellee's motion to dismiss is granted, and we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. 42.3(a). Any other pending motions are dismissed as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.