**Algie LINWOOD, Petitioner,**

v.

**NCNB TEXAS, Respondent.**

No. 94–0364.

Supreme Court of Texas.

Oct. 13, 1994.

Don Black, Dallas, for petitioner.

Donald W. Hill, Dallas, for respondent.

PER CURIAM.

This case presents the question of whether the court of appeals has jurisdiction to hear the appeal. The court of appeals, holding that it did not, dismissed for want of jurisdiction. Without hearing oral argument a majority of the court reverses the judgment of the court of appeals and remands to that court for further proceedings. Tex.R.App.P. 170.

Algie Linwood sued NCNB of Texas, asserting contract and tort claims arising out of the repossession of two trucks. The trial court granted summary judgment in favor of NCNB on September 23, 1991. Linwood requested findings of fact and conclusions of law on September 26. He filed his notice of appeal on October 3 and a notice of past-due findings of fact and conclusions of law on October 22. On November 15, after the trial court failed to produce findings of fact and conclusions of law and fifty-three days after the summary judgment was signed, Linwood filed his cost bond. The court of appeals dismissed for want of jurisdiction because it held that Linwood's request for findings of fact and conclusions of law did not extend the appellate timetable in a summary judgment case and Linwood's notice of appeal was not a bona fide attempt to invoke the court's jurisdiction. 876 S.W.2d 393. Consequently, the court of appeals concluded the appeal was not timely perfected.

Absent a filing that extends the deadline, a party has thirty days from the date the judgment is signed to file his cost bond to perfect his appeal. Tex.R.App.P.

41(a)(1). Linwood filed a request for findings of fact and conclusions of law in an attempt to extend the appellate timetable. TEX.R.APP.P. 41(a)(1). Because findings of fact and conclusions of law have no place in a summary judgment proceeding, the timetable was not extended. We agree with the court of appeals holding that the language "tried without a jury" in rule 41(a)(1) does not include a summary judgment proceeding. The court of appeals, however, has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991); *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989).

Linwood filed his notice of appeal well within the thirty-day period after the judgment was signed. Although the court of appeals correctly held that Linwood's notice of appeal was the improper instrument to perfect his appeal, under our holding in *Grand Prairie*, before dismissing the appeal, the court of appeals would have had to give Linwood an opportunity to correct his error by substituting the correct instrument. *Grand Prairie*, 813 S.W.2d at 500. Here Linwood corrected his own error 53 days after the judgment was signed by filing his cost bond. We see no reason why a party attempting appeal who corrects his own error should be in a worse position than one who has the error pointed out by the appellate court. We hold that in either situation, the party seeking to appeal has made a bona fide attempt to invoke the appellate court's jurisdiction sufficient to prevent dismissal for want of jurisdiction, as we set forth in *Grand Prairie* and *Blue Water Garden Apartments*. For this reason, the court of appeals improperly dismissed for lack of jurisdiction. Accordingly, we reverse the judgment and remand the cause to the court of appeals for further proceedings consistent with this opinion.

SPECTOR, J., not sitting.