Warnock v. Pecos County 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-479-CV





BETTYE A. WARNOCK,



 APPELLANT


vs.





PECOS COUNTY, TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 93-05152, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING



 





PER CURIAM



 Appellee Pecos County, Texas, has filed a motion and supplemental motion to
dismiss appellant Bettye Warnock's appeal for want of jurisdiction. Based on the supreme court's
decision in Linwood v. NCNB Texas, we will grant the motions. 38 Tex. Sup. Ct. J. 30 (Oct. 13,
1994).

 The trial court in this cause signed a take-nothing summary judgment against
Warnock on May 19, 1994. Within twenty days after the judgment was signed, Warnock filed
a request for findings of fact and conclusions of law. Warnock relied on her request for findings
as extending the appellate timetable and filed an appeal bond on August 15. The deadline to
perfect an appeal under the ordinary timetable expired on June 20. Tex. R. App. P. 41(a)(1).

 In Linwood, as in this case, the appellant filed a request for findings and
conclusions after suffering a summary judgment. The supreme court held that, because findings
of fact and conclusions of law have no place in a summary-judgment proceeding, a request for
findings after such a judgment does not extend the time to perfect appeal. 38 Tex. Sup. Ct. J. at
30; see also Besing v. Moffitt, 882 S.W.2d 79, 82 (Tex. App.--Amarillo 1994, no writ hist.);
Zimmerman v. Robinson, 862 S.W.2d 162, 164 (Tex. App.--Amarillo 1993, no writ).

 Warnock argues that her request for findings of fact and conclusions of law
constitutes a bona fide attempt to invoke this Court's jurisdiction. See Grand Prairie Indep. Sch.
Dist. v. Southern Parts Imports, Inc., 813 S.W.2d 499, 500 (Tex. 1991). Grand Prairie requires
an appellate court to allow an amendment when the appellant files the wrong instrument required
to perfect appeal. Id. Although a request for findings of fact can be a step in the process of
perfecting an appeal, it is not a type of instrument required to perfect an appeal. Besing, 882
S.W.2d at 82. We decline to equate Warnock's request for findings of fact with a defective
perfecting instrument.

 Because Warnock was required, but failed, to perfect her appeal within thirty days
of the trial court's judgment, we grant the motions of Pecos County, Texas, and dismiss her
appeal for want of jurisdiction.


Before Justices Powers, Aboussie and B. A. Smith

Dismissed for Want of Jurisdiction on Appellee's Motions

Filed: November 16, 1994

Do Not Publish