TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00508-CV





Samuel R. Driggs, Appellant



v.



City of Austin, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-01961, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






 


DISSENTING OPINION





 I disagree with the majority holding that Driggs waived his appellate complaint
because he failed to attack on appeal the district court's ruling that the City did not breach its April
2, 1990, agreement, he "failed to attack this ruling specifically on either basis the City expressly
asserted," and he failed to assert a general assignment of error.

 The majority correctly state that I "collapse" into one the two "grounds" stated in
the judgment regarding breach of contract. That is precisely what we must do if we are to apply
the law correctly. We must look at the grounds averred in the motion for summary judgment, not
the conclusions of law stated superfluously in the judgment. Such conclusions of law have no
place in our summary judgment practice. Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex.
1994).

 The City's motion for summary judgment averred two grounds only; we are not free
to subdivide them into separate "grounds" on appeal. See McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 343 (Tex. 1993). The first ground stated in the City's motion was that
it never made a contract with Driggs. The judgment below rejects this ground by a superfluous
conclusion of law. I am content on appeal to agree that one may not say, as a matter of law, that
there was no contract. The summary judgment record would, indeed, permit a reasonable finding
that a contract did exist.

 The second ground urged by the City in its motion was that if a contract existed,
the City had complied fully with the contract because (1) the contract did not prohibit a discharge
for cause, which was why Driggs was discharged, and (2) he was paid his salary through April
15, 1993. The majority consider these to be two grounds, thereby doubling the possible
"grounds" that Driggs was obliged to attack specifically on appeal if he did not assert a general
complaint of error. These are instead two justifications or theories alleged by the City in support
of its single ground that it had complied fully with the contract the City had made with Driggs.

 And if one examines the summary judgment record, one finds that neither of the
two justifications or theories were established as a matter of law. Indeed, the record would permit
a reasonable finding that the City breached its contract.


 For the foregoing reasons, I respectfully dissent.



 

 John Powers, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Filed: June 10, 1999

Do Not Publish
























* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



BR WP="BR2">
v.



City of Austin, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 94-01961, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING 






 


DISSENTING OPINION





 I disagree with the majority holding that Driggs waived his appellate complaint
because he failed to attack on appeal the district court's ruling that the City did not breach its April
2, 1990, agreement, he "failed to attack this ruling specifically on either basis the City expressly
asserted," and he failed to assert a general assignment of error.

 The majority correctly state that I "collapse" into one the two "grounds" stated in
the judgment regarding breach of contract. That is precisely what we must do if we are to apply
the law correctly. We must look at the grounds averred in the motion for summary judgment, not
the conclusions of law stated superfluously in the judgment. Such conclusions of law have no
place in our summary judgment practice. Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex.
1994).

 The City's motion for summary judgment averred two grounds only; we are not free
to subdivide them into separate "grounds" on appeal. See McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 343 (Tex. 1993). The first ground stated in the City's motion was that
it never made a contract with Driggs. The judgment below rejects this ground by a superfluous
conclusion of law. I am content on appeal to agree that one may not say, as a matter of law, that
there was no contract. The summary judgment record would, indeed, permit a reasonable finding
that a contract did exist.

 The second ground urged by the City in its motion was that if a contract existed,
the City had complied fully with the contract because (1) the contract did not prohibit a discharge
for cause, which was why Driggs was discharged, and (2) he was paid his salary through April
15, 1993. The majority consider these to be two grounds, thereby doubling the possible
"grounds" that Driggs was obliged to attack specifically on appeal if he did not assert a general
complaint of error. These are instead two justifications or theories alleged by the City in support
of its single ground that it had complied fully with the contract the City had made with Driggs.

 And if one examines the summary judgment record, one finds that neither of the
two justifications or theories were established as a matter of law. Indeed, the record would permit
a reasonable finding that the City breached its contract.


 For the foregoing reasons, I respectfully dissent.



 

 John Powers, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Powers*

Filed: June 10, 1999

Do Not Publish