Opinion issued April 18, 2002











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-99-01342-CV

____________


J. LORRIANE BALUSIK, Appellant


V.


DEAN D. KOLLATSCHNY AND FLOORCRAFTERS, INC., Appellees






On Appeal from the 127th District Court

Harris County, Texas

Trial Court Cause No. 97-37064






O P I N I O N

 This is a shareholder derivative suit involving a closely held corporation owned
by appellant, J. Lorriane Balusik, and appellee, Dean D. Kollatschny. The trial court
rendered partial summary judgment that Balusik violated Texas Business Corporation
Act article 5.10 (1) when she did not obtain the approval of two-thirds of the
corporation's shareholders before transferring "all, or substantially all" of its assets
to another corporation owned solely by her. The remaining issues were tried to a
jury. The trial court instructed the jury that Balusik's transfer of all, or substantially
all, of the corporation's assets was a breach of her fiduciary duty to the corporation
and to Kollatschny, its minority shareholder. Balusik appeals from the trial court's
judgment awarding $375,000 in actual damages to the corporation and $125,000 in
exemplary damages to Kollatschny.

 Without challenging the partial summary judgment, Balusik presents eight
issues for our review, contending the trial court erred in: (1) instructing the jury she
breached her fiduciary duty to the corporation; (2) refusing to submit certain
affirmative defenses to the jury; (3) and (4) instructing the jury she owed a fiduciary
duty to Kollatschny; (5) holding she committed "defalcation" and "malicious
defalcation"; (6) failing to issue findings of fact and conclusions of law; (7) awarding
punitive damages to Kollatschny; and (8) submitting a single jury question on
damages, which failed to reflect a proper measure of damages. We affirm in part and
reverse and render in part.

Facts and Procedural Background


 Balusik and Kollatschny were the only two shareholders of Floorcrafters of
Texas, Inc. (Floorcrafters I), a company that installed residential flooring. Balusik
owned 51% of the Floorcrafters I stock and Kollatschny owned 49%. Balusik and
Kollatschny each owned 50% of the stock of Colorworld Carpet Mill Outlet, another
company that sold floor covering products. The business relationship between
Balusik and Kollatschny eventually deteriorated, and Floorcrafters I ceased to
operate. Balusik and Kollatschny then started their own companies: Balusik was the
sole shareholder of Floorcrafters, Inc. (Floorcrafters II), and Kollatschny was the sole
shareholder of Installation Resources. Balusik claims that in June 1997, she sold the
assets of Floorcrafters I to Floorcrafters II in exchange for Floorcrafters II assuming
certain liabilities of Floorcrafters I.

 On July 16, 1997, Kollatschny filed a petition for mandamus against
Colorworld and Floorcrafters I to compel access to their corporate books and records. 
On November 4, 1997, after obtaining documentation and learning that substantially
all the assets of Floorcrafters I were transferred to Floorcrafters II, Kollatschny,
individually and in a shareholder derivative capacity, filed a supplemental petition
suing Balusik for breach of fiduciary duty. The trial court rendered a partial summary
judgment based on the following undisputed facts:

 (1) The transfer of all, or substantially all, of the assets of
[Floorcrafters I] to [Floorcrafters II] was a transfer which required
approval of all 2/3 of the shareholders entitled to vote pursuant to
Art. 5.10 of the Tex. Bus. Corp. Act.

 (2) Said statute was violated in that the required approval of 2/3 of
the shareholders entitled to vote was not obtained.

 The case was later tried to a jury, and the trial court, over Balusik's objection,
submitted the following jury instruction:

 You are instructed by the Court that the disposition of all, or
substantially all, of the assets [of Floorcrafters I] by Mrs. Balusik that is
the subject matter of this suit was a breach of her fiduciary duty to the
corporation [Floorcrafters I] and its minority shareholder Mr.
Kollatschny.

The jury then found: (1) "the value" of Floorcrafters I on the date Balusik transferred
its assets to Floorcrafters II was $375,000; (2) (2) Balusik did not act with malice in
breaching her fiduciary duty to Floorcrafters I, but did act with malice in breaching
her fiduciary duty to Kollatschny as a shareholder of Floorcrafters I; and (3) Balusik
owed Kollatschny exemplary damages of $125,000. (3) The trial court rendered
judgment on the verdict that Floorcrafters I recover $375,000 from Balusik in actual
damages ("on the basis of defalcation while acting in a fiduciary capacity"), 
Kollatschny recover $125,000 from Balusik in exemplary damages ("based on
malicious defalcation while acting in a fiduciary capacity"), and Kollatschny recover
$110,864.45 from Floorcrafters I in expenses, including attorney's fees, plus further
attorney's fees if the case was appealed. The trial court also imposed a constructive
trust on Floorcrafters I's assets.

Jury Instruction


 In issue one, Balusik contends the trial court erred in instructing the jury that
she breached her fiduciary duty to Floorcrafters I by disposing of its assets because
whether such a breach occurred was a fact issue for the jury to decide. At the charge
conference, Balusik's lawyer objected as follows:

 With respect to the instructions, Your Honor, on the paragraph
that begins with you are instructed by the Court that the disposition and
so forth, Mrs. Balusik said if you put it was a breach of her fiduciary
[duties] to the corporation and its minority shareholder, Mr.
Kollatschny, we object to that instruction on the basis that there is
nothing contained in Article 5.10 and so forth of the Texas Business
Corporation Act that says that. There is no case law that says that a
transfer without two/thirds approval is in and of itself a breach of
fiduciary duty. And for that reason, we ask that instruction[] be stricken.

 THE COURT: Overruled.

 The trial court had two potential bases on which to overrule Balusik's
objection. The trial court may have concluded Balusik's failure to comply with the
requirements of article 5.10 automatically resulted in a per se breach of fiduciary
duty. Alternatively, the trial court may have concluded the trial evidence proved as
a matter of law that Balusik breached her fiduciary duty, thus justifying an instructed
verdict on that basis. (4) Balusik's objection to the charge focused only on the first
potential basis, and she failed to object to the charge on the basis that the trial court
erroneously granted a sua sponte instructed verdict.

 Even if we were to hold that a violation of article 5.10 does not automatically
result in a per se breach of fiduciary duty, we would still be unable to reach the other
potential basis for overruling Balusik's objection to the charge because Balusik did
not make a specific objection in the trial court. See Tex. R. App. P. 33.1(a)(1)(A).
Thus, we decline to address the issue of whether a violation of article 5.10 results in
a per se breach of fiduciary duty.

 We overrule issue one.

 In issues three and four, Balusik claims the trial court erred in instructing the
jury that she owed a fiduciary duty to Kollatschny and breached that alleged duty. 
Regardless of the propriety of the court's instructions, neither the jury nor the trial
court awarded Kollatschny any actual damages in this case for breach of fiduciary
duty. Any error in this regard was therefore harmless.

 We overrule issues three and four.

Affirmative Defenses

 In issue two, Balusik contends the trial court erred in refusing to submit her
requested issues on the affirmative defenses of "consent" and "commercial
reasonableness." We do not agree with Balusik that commercial reasonableness is an
affirmative defense to breach of fiduciary duty. After it is established that a
defendant has a fiduciary duty, the burden shifts to the defendant to show compliance
with that duty, (5)
 and commercial reasonableness is subsumed within the elements the
defendant must establish. (6) Once the trial court instructed the jury that Balusik had
breached her fiduciary duty, it could not have properly submitted Balusik's requested
issues on commercial reasonableness.

 In regard to consent, Balusik's appellate brief fails to make specific record
references to support her claim that Kollatschny or his agent consented to the sale of
Floorcrafters I. See Tex. R. App. P. 38.1(h). If this evidence was not introduced at
trial, Balusik was not entitled to a consent issue. See Tex. R. Civ. P. 278 (trial court
shall submit questions raised by pleadings and evidence). We do not reach the issue
of whether consent is an affirmative defense to breach of fiduciary duty or is an
inherent part of the defendant's burden. See Estate of Townes v. Townes, 867 S.W.2d
414, 426 (Tex. App.--Houston [14th Dist.] 1993, writ denied) (Morse, J., dissenting).

 We overrule issue two.



Defalcation

 In issue five, Balusik claims the trial court erred in holding that she committed
"defalcation" and "malicious defalcation." Without citation to authority, Balusik
argues that the characterization of her conduct as a defalcation will prevent her from
discharging the debt in bankruptcy because defalcation is defined as embezzlement. 
See Tex. R. App. P. 38.1(h). Regardless of the merits of that argument, embezzlement
is not the only definition of defalcation. Defalcation is also defined as "[l]oosely, the
failure to meet an obligation; a nonfraudulent default." Black's Law Dictionary
427 (7th ed. 1999).

 We overrule issue five.

Findings of Fact and Conclusions of Law

 In issue six, Balusik claims the trial court erred in failing to issue findings of
fact and conclusions of law regarding the following questions: (1) whether Balusik
breached her fiduciary duty to Floorcrafters I; (2) whether Balusik's affirmative
defenses should be considered; (3) whether Balusik owed a fiduciary duty to
Kollatschny, individually; (4) whether Balusik breached a fiduciary duty to
Kollatschny, individually; and (5) whether Balusik committed "defalcation" and
"malicious defalcation." In essence, Balusik merely restates issues one through five
and does not demonstrate that any of these questions relates to a material issue that
was decided by the trial court as the fact finder. Accordingly, findings of fact and
conclusions of law were not appropriate. See Tex. R. Civ. P. 296; Linwood v. NCNB
Tex., 885 S.W.2d 102, 103 (Tex. 1994).

 We overrule issue six.

Actual Damages

 In issue eight, Balusik argues the trial court erred in submitting a single jury
question on actual damages, jury question one, which failed to reflect a proper
measure of damages. On appeal, Balusik claims the correct measure of damages
should be the net change in the value of Floorcrafters I, as opposed to the "value of
the going concern business." Balusik does not show where she objected to question
one on this basis or submitted a substantially correct question. See Tex. R. Civ. P.
271-79; State Dep't of Highways & Pub. Transp. v. Payne, 838 S.W.2d 235, 240-41
(Tex. 1992). Thus, any error was waived.

 We overrule issue eight.

Exemplary Damages

 In issue seven, Balusik argues the trial court erred in awarding exemplary
damages to Kollatschny for breach of fiduciary duty because he did not recover actual
damages for breach of fiduciary duty. We agree. See Nabours v. Longview Sav. &
Loan Ass'n, 700 S.W.2d 901, 904 (Tex. 1985) (actual damages must be found before
exemplary damages may be awarded). The jury's and trial court's other award of
damages was to Floorcrafters I, not Kollatschny.

 We sustain issue seven.

Conclusion


 We reverse the portion of the trial court's judgment awarding Kollatschny
$125,000.00 for his exemplary-damages claim and render judgment that Kollatschny
take nothing on that claim. In all other respects, we affirm the trial court's judgment.



Terry Jennings

Justice


Panel consists of Justices Cohen, Jennings, and Smith. (7)

Do not publish. Tex. R. App. P. 47.4
1. 

 Article 5.10(A)(4) provides:


 A. A sale, lease, exchange, or other disposition . . . of all, or
substantially all, the property and assets, with or without the
goodwill of the corporation, if not made in the usual and regular
course of its business, may be made upon such terms and
conditions and for such consideration . . . as may be authorized in
the following manner:


 . . . .


 (4) . . . Such authorization shall require the
affirmative vote of the holders of at least two-thirds of the
outstanding shares of the corporation entitled to vote thereon . .
. .


 Tex. Bus. Corp. Act Ann. art. 5.10(A)(4) (Vernon Supp. 2002).
2. JURY QUESTION NO. 1

 Find the value of the going concern business that
was transferred from [Floorcrafters I] to [Floorcrafters II]
in June of 1997.

 Answer in dollars and cents, if any.

 ANSWER: $375,000
3. JURY QUESTION NO. 5

 What sum of money, if any, should be assessed
against Lorraine Balusik and awarded to Dean
Kollatschny as exemplary damages, if any, for the breach
of fiduciary duty to the corporation stockholder?

 . . . .

 Answer in dollars, if any.

 ANSWER: $125,000
4. Further, the trial court may have concluded that Balusik simply failed to
present evidence to overcome the presumption of unfairness in regard to her
sale of the assets of Floorcrafters I to Floorcrafters II. See Tex. Bank & Trust
Co. v. Moore, 595 S.W.2d 502, 507-09 (Tex. 1980). 
5. Texas courts have applied a presumption of unfairness to transactions
between a fiduciary and a party to whom she owes a duty of disclosure, thus
casting on the profiting fiduciary the burden of showing the fairness of the
transactions. Tex. Bank & Trust Co., 595 S.W.2d at 507-09. The fiduciary
must show proof of good faith and that the transaction was fair, honest, and
equitable. Miller v. Miller, 700 S.W.2d 941, 946-47 (Tex. App.--Dallas 1985,
writ ref'd n.r.e.).

6. Texas Pattern Jury Charge 104.2 sets out the elements a fiduciary must
show to avoid a conclusion that the fiduciary has breached her duty:


 Did [defendant] comply with [her] fiduciary duty to
plaintiff?

 [Because a relationship of trust and confidence
existed between them,] . . . [defendant] owed [plaintiff] a
fiduciary duty. To prove [she] complied with [her] duty,
[defendant] must show:

 a. The transaction[s] in question [was/were] fair
and equitable to [plaintiff];

 b. [Defendant] made reasonable use of the
confidence that [plaintiff] placed in [her];

 c. [Defendant] acted in the utmost good faith
and exercised the most scrupulous honesty
toward [plaintiff];

 d. [Defendant] placed the interests of [plaintiff]
before [her] own, did not use the advantage of
[her] position to gain any benefit for [herself]
at the expense of [plaintiff], and did not place
[herself] in any position where [her] self-interest might conflict with [her] obligations
as a fiduciary; and

 e. [Defendant] fully and fairly disclosed all
important information to [plaintiff]
concerning the transaction[s].


 Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern
Jury Charges: Business Consumer Employment PJC 104.2 (2000)
(derived from Stephens County Museum, Inc. v. Swenson, 517 S.W.2d 257, 261
(Tex. 1974)).
7. This appeal was argued on April 23, 2001 to a panel consisting of the
Honorable Murry B. Cohen and the Honorable Scott Brister, Justices, and the
Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment. Justice Brister
resigned from this Court on July 16, 2001 to become the Chief Justice of the
Fourteenth Court of Appeals, and the Chief Justice of this Court appointed the
Honorable Terry Jennings to participate in the appeal's decision.