In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-076 CV


____________________



DONALD RAY MCCRAY, Appellant



V.



CAROL A. FLORES, Appellee






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-168,121






MEMORANDUM OPINION (1)


 We have before the Court appellant's motion for extension of time to file notice of
appeal. The judgment was signed January 17, 2003. The appellate timetable was not
extended by the timely filing of a post-judgment motion or request. See Tex. R. App. P.
26.1(a). (2) Notice of appeal was due February 18, 2003. The notice of appeal was mailed
March 21, 2003, more than 15 days of the date the notice was due, and received by the
clerk of the trial court on March 24, 2003. A motion for extension of time was filed
February 10, 2003, but was not considered by the Court because the appellant failed to
comply with the service requirements for appellate motions. See Tex. R. App. P. 9.5. A
second motion for extension of time was filed on March 7, 2003. Unlike the initial
motion, which McCray never properly served, McCray mailed a copy of the March 7
motion to the counsel for the appellee. The Court delayed ruling on the motion for
extension of time in order to provide an opportunity for the appellant to obtain a judgment
nunc pro tunc in the trial court. See Tex. R. Civ. P. 306a. No judgment nunc pro tunc
has been signed; therefore, the operative date of judgment is January 17, 2003.

 We have jurisdiction over any appeal in which the appellant files an instrument in
a bona fide attempt to invoke our jurisdiction. Linwood v. NCNB Texas, 885 S.W.2d 102,
103 (Tex. 1994). We must construe the Rules of Appellate Procedure "reasonably, yet
liberally, so that the right to appeal is not lost by imposing requirements not absolutely
necessary to effect the purpose of a rule." Verburgt v. Dorner, 959 S.W.2d 615, 616-17
(Tex. 1997). In Linwood, the appellant filed a notice of appeal when an appeal bond was
required to perfect appeal. Linwood, 885 S.W.2d at 102. The Supreme Court held the
Court of Appeals must provide the appellant with the opportunity to substitute the correct
instrument. Id. at 103. In Verburgt, the appellant filed a notice of appeal within the grace
period for perfecting appeal but filed a late motion for extension of time. Verburgt, 959
S.W.2d at 615. The Court reasoned that filing a notice of appeal during the extension
period necessarily implied a motion for extension. Id. at 617. The time for perfecting
appeal was not extended beyond that provided by the Rules of Appellate Procedure, and
the appellee knew that an appeal was being sought with the time specified by the Rules.
Id. 

 In contrast, McCray filed an instrument that asked for more time in which to decide
whether to appeal, then failed to provide notice of appeal within the period of time for
which an extension could be had, if properly requested under the rules of appellate
procedure. Conspicuously absent from the amended motion for extension of time to file
notice of appeal is any contention that McCray mistakenly filed the incorrect instrument
on February 10, 2003. 

 The only instrument filed by McCray within thirty days of judgment is the Motion
for Extension of Time to File Notice of Appeal, filed with the Court of Appeals on
February 10, 2003, but not served upon the counsel for the appellee. If this instrument
manifests a bona fide attempt to appeal, then appeal was timely perfected. None of the
language in the motion proclaims a present intention to appeal. It may be construed as a
request for additional time to file notice of appeal, not the notice itself. McCray did
eventually filed a notice of appeal, but did so more than fifteen days after the deadline for
filing the notice. Thus, McCray failed to comply with an absolute requirement for
perfecting appeal. See Tex. R. App. P. 26.3(a). We conclude that in order to perfect
appeal, notice of appeal must have been filed on or before the expiration of the grace
period on March 5, 2003. Because notice of appeal was not filed on or before that date,
our jurisdiction cannot be invoked by granting the motion for extension of time. 
Accordingly, McCray's motion for extension of time to file notice of appeal is denied.

 McCray failed to perfect appeal by filing notice of appeal within the time permitted
for perfecting appeal. No other instrument was filed in a bona fide attempt to invoke
appellate jurisdiction. Accordingly, this appeal is dismissed for want of jurisdiction.

 APPEAL DISMISSED. 

 

 PER CURIAM


Opinion Delivered April 24, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. McCray's docketing statement states that a request for findings of fact and
conclusions of law was filed on February 20, 2003. The request was untimely. Tex. R.
Civ. P. 297.