**AFFIRM; Opinion issued November 28, 2012**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

))))))))))))))))))))))))))))))

**No. 05-11-01625-CV**

))))))))))))))))))))))))))))))

**YIGAL BOSCH, Appellant**

**V.**

**CIRRO GROUP, INC., Appellee**

4444444444444444444444444444444444444444444444444444444444

**On Appeal from the 296th Judicial District Court**

**Collin County, Texas**

**Trial Court Cause No. 296-01627-2011**

4444444444444444444444444444444444444444444444444444444444

## MEMORANDUM OPINION

Before Morris, Francis, and Murphy

Opinion By Justice Francis

Yigal Bosch appeals the trial court's summary judgment against him on Cirro Group, Inc.'s claim for officer and director liability under section 171.255(a) of the Texas Tax Code. We affirm.

Cirro contracted with AYS Enterprises, Inc. to provided electrical service to four commercial properties. When AYS failed to pay, Cirro sued several defendants on multiple causes of action. One defendant was Bosch. The allegation against him is as follows. During the time Cirro provided service, the owners of the properties filed for bankruptcy under chapter 11. The bankruptcy cases were jointly administered, and one of Bosch's companies, 2646 Atrium Realty Group, served as the management company for the entities. All of the properties were sold or foreclosed upon during the bankruptcy. Thereafter, the bankruptcy trustee filed a motion to determine the final administrative

claim of the management company and authority to pay the same. In support of the administrative claim, Atrium sought payment for expenses for management of the entities. The bankruptcy court signed an order allowing the claim and authorizing disbursement of funds to Atrium for which $59,187.48 constituted payment for Cirro charges. Cirro presented evidence that it received only $18,932.31 and never received the balance of the funds. At the time Atrium received the disbursement, its corporate privileges had been forfeited.

Cirro moved for summary judgment against Bosch, AYS, and Atrium, and the trial court granted the motion. The remaining defendants were disposed of by either nonsuit or default judgment. Bosch, who is representing himself, is the only defendant to appeal. With respect to him, the judgment ordered that Cirro recover from Bosch $40,255.17 (the difference between the amount disbursed for payment by the bankruptcy court and the amount actually distributed to Cirro) on Cirro's claim of officer and director liability and also ordered that Bosch take nothing on his counterclaims.

In six issues, Bosch asserts the trial court (1) abused its discretion by "not attending" to his motion to transfer venue, (2) erred in finding him responsible for Atrium's debt, (3) "erred in finding" that he signed the agreement with Cirro on behalf of AYS, (4) "erred in finding that 'Deemed Admitted' was sufficient to decide this case", (5) erred in failing to make findings of fact and conclusions of law, and (6) erred in disallowing his counterclaim.[1]

Before addressing the merits of Bosch's claims, we first observe that in some issues, it appears that Bosch is raising complaints of other defendants who are not parties to this appeal and that are irrelevant to the officer and director liability judgment against him. Although we will

---

[1] In his Issues Presented on Appeal, Bosch includes another issue: "The Trial Court erred in finding Appellant breached the contract." Bosch did not include any briefing on this issue, and we therefore do not address it.

liberally construe Bosch's issues, we will not address issues unrelated to the judgment against him nor will we make arguments for him.

In his first issue, Bosch complains the trial court abused its discretion by failing to rule on his motion to transfer venue. Complaints about improper venue must be raised in a motion to transfer venue under Texas Rule of Civil Procedure 86. Rule 86 provides that an objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in rule 120a. TEXAS RULE OF CIVIL PROCEDURE 86.1. The record shows that Bosch filed his motion to transfer venue three months after he filed his answer and counterclaim in this suit; consequently, any objection to venue was waived. We overrule the first issue.

In his second issue, Bosch argues the trial court erred in holding him personally responsible for Atrium's debt under section 171.255(a) of the Texas Tax Code. He argues the statute applies only to delinquent taxes, not any other corporate liabilities. We disagree.

Chapter 171 of the tax code governs franchise taxes. Under section 171.251, the comptroller shall forfeit the corporate privileges of a corporation on which the franchise tax is imposed if the corporation fails to file the required report, pay the tax imposed, or fails to permit the comptroller to examine the corporate records. *See* TEX. TAX CODE § 171.251 (West 2008). If the corporate privileges of a corporation are forfeited, each director or officer of the corporation is liable for a debt of the corporation as provided by section 171.255. TEX. TAX CODE § 171.252(2). Section 171.255(a) provides:

> (a) If the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are

revived. The liability includes liability for any tax or penalty imposed by this chapter on the corporation that becomes due and payable after the date of the forfeiture.

TEX. TAX CODE § 171.255(a).

Nothing in the wording of this statute suggests that personal liability of officers and directors is limited to the tax liability. Rather, the statute expressly provides that officers and directors are liable for "each debt" incurred under certain circumstances and "includes" any tax or penalty due and payable after the date of forfeiture. Because the plain wording of the statute is contrary to Bosch's argument, we conclude his complaint is without merit. Bosch has not challenged the sufficiency of the evidence presented by Cirro to prove the statutory elements of its claim; therefore, we do not make an evidentiary review. We overrule the second issue.

In his third issue, Bosch contends the trial court "erred in finding" that he signed an agreement on behalf of AYS during 2009. Initially, we note the trial court made no such finding. Further, whether Bosch signed an agreement on behalf of AYS may have been relevant to Cirro's claim against AYS but is not relevant to the judgment against Bosch as officer and director of Atrium. AYS is not a party to this appeal; therefore, we will not address issues related to the judgment against it. We overrule the third issue.

In his fourth issue, Bosch complains the trial court "erred in finding that 'Deemed Admitted' was sufficient to decide this case. Within this issue, Bosch complains the trial court accepted deemed admissions as conclusive evidence against AYS when there was contradictory evidence. Again, AYS has not appealed, and we will not consider issues related to the judgment against it. We overrule the fourth issue.

In his fifth issue, Bosch contends the trial court erred in failing to make findings of fact and conclusions of law and, for authority, relies on *IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.*, 938

S.W.2d 440 (Tex. 1997). Bosch misreads *IKB Industries*.

In *IKB Industries*, the supreme court addressed whether findings of fact and conclusion of law following the dismissal of a case for sanctions for discovery abuse extend the appellate timetable. In addressing the issue, the court restated its prior determination that a summary judgment is not a trial and that "findings of fact and conclusions of law have no place in a summary judgment proceeding." *IKB Indus.*, 938 S.W.2d at 441 (quoting *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994)). The court explained that for summary judgment to be proper, "there are no facts to find, and the legal conclusions have already been stated in the motion and response. The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment." *Id.* We overrule the fifth issue.

In his sixth issue, Bosch contends the trial court erred in disallowing his counterclaim against Cirro. He argues, without citation to the record or to the law, that Cirro's pleading against him was groundless and brought in bad faith. Given our disposition of Bosch's issues, we conclude this issue is without merit. We overrule the sixth issue.

We affirm the trial court's judgment.

MOLLY FRANCIS
JUSTICE

111625F.P05

-5-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

YIGAL BOSCH, Appellant

No. 05-11-01625-CV     V.

CIRRO GROUP, INC., Appellee

Appeal from the 296th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
296-01627-2011).
Opinion delivered by Justice Francis,
Justices Morris and Murphy participating.

    In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Cirro Group, Inc. recover its costs of this appeal from appellant Yigal Bosch.


Judgment entered November 28, 2012.


MOLLY FRANCIS
JUSTICE