**Opinion filed December 21, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00005-CV

_____

**MARK WALLACE, Appellant**

**V.**

**LITHIA CO., L.L.P. D/B/A ALL-AMERICAN**
**CHEVROLET OF MIDLAND, Appellee**

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV 46498**

## M E M O R A N D U M   O P I N I O N

The trial court denied Lithia Co., L.L.P. d/b/a All-American Chevrolet of Midland's traditional motion for summary judgment, but it granted All-American's no-evidence motion for summary judgment and held that Mark Wallace should take nothing from All-American. We affirm.

Wallace sued All-American. In his petition, Wallace alleged that there was a former lawsuit between the parties, that it was settled, that the parties entered into a settlement agreement, that the agreement contained a confidentiality clause, and that All-American paid money to him pursuant to the agreement.

Wallace also alleged that, sometime after the parties settled the first lawsuit, he went to All-American's place of business to buy a part. He maintained in the lawsuit made the subject of this appeal that, while there, an employee of All-American, in a loud voice and in the presence of others, told Wallace that the lawsuit had been settled and for him to leave the premises and "never to come back." In the lawsuit involved in this appeal, Wallace made claims for intentional infliction of emotional distress, breach of contract, slander, negligence, and gross negligence connected with that episode. He sought damages for intentional infliction of emotional distress, attorney's fees, mental anguish, physical pain, interest, and gross negligence.

All-American answered Wallace's lawsuit with a general denial. Later, All-American filed a motion for summary judgment based upon traditional grounds under TEX. R. CIV. P. 166a(c) and no-evidence grounds under TEX. R. CIV. P. 166a(i). Wallace filed a written response to the motion for summary judgment, but offered no summary judgment evidence.

The trial court denied the traditional motion for summary judgment, but it granted the no-evidence motion for summary judgment and ordered that Wallace take nothing against All-American. The trial court did not give the reasons for its ruling.

In this appeal, Wallace raises two issues: (1) that there are no findings of fact or conclusions of law and (2) that All-American did not "present law, statute, or affidavit to support the motion for Summary Judgment." He has no issue that there were other defects in the motion, and we may not consider any. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 805 (Tex. App.—Dallas 2008, pet. denied).

"Because findings of fact and conclusions of law have no place in a summary judgment proceeding," we overrule Wallace's first issue. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). Further, because neither case law nor Rule 166a(i) requires that a no-evidence motion for summary judgment contain "law, statute[s], or affidavit[s]" to support the motion, we overrule Wallace's second issue. Rule 166a(i).

Even if we were to read Wallace's issues broadly enough to otherwise attack the summary judgment, the result would be the same. We must review a no-evidence summary judgment under the same standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. *Id.*; *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of

probative evidence to raise a genuine issue of material fact. Rule 166a(i); *Wal-Mart*, 92 S.W.3d at 506. Wallace produced no competent summary judgment evidence in response to All-American's no-evidence motion for summary judgment. Because Wallace did not produce more than a scintilla of probative evidence on the challenged elements of each of his causes of action, he did not raise a genuine issue of material fact, and the trial court did not err when it granted the motion.

The judgment of the trial court is affirmed.

PER CURIAM

December 21, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

Willson, J., not participating.

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.