Opinion filed December 21,
2012

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00005-CV

                                                    __________

 

                                     MARK
WALLACE, Appellant

 

                                                             V.

 

                        LITHIA
CO., L.L.P. D/B/A ALL-AMERICAN 

                             
CHEVROLET OF MIDLAND, Appellee

          

                                   On
Appeal from the 385th District Court

                                                          Midland
County, Texas

                                                  Trial
Court Cause No. CV 46498



 

                                            M
E M O R A N D U M   O P I N I O N

            The
trial court denied Lithia Co., L.L.P. d/b/a All-American Chevrolet of Midland’s
traditional motion for summary judgment, but it granted All-American’s no-evidence
motion for summary judgment and held that Mark Wallace should take nothing from
All-American.  We affirm.

            Wallace
sued All-American.  In his petition, Wallace alleged that there was a former
lawsuit between the parties, that it was settled, that the parties entered into
a settlement agreement, that the agreement contained a confidentiality clause,
and that All-American paid money to him pursuant to the agreement.

            Wallace
also alleged that, sometime after the parties settled the first lawsuit, he
went to All-American’s place of business to buy a part.  He maintained in the
lawsuit made the subject of this appeal that, while there, an employee of
All-American, in a loud voice and in the presence of others, told Wallace that
the lawsuit had been settled and for him to leave the premises and “never to
come back.”  In the lawsuit involved in this appeal, Wallace made claims for
intentional infliction of emotional distress, breach of contract, slander,
negligence, and gross negligence connected with that episode.  He sought
damages for intentional infliction of emotional distress, attorney’s fees,
mental anguish, physical pain, interest, and gross negligence.

            All-American
answered Wallace’s lawsuit with a general denial.  Later, All-American filed a
motion for summary judgment based upon traditional grounds under Tex. R. Civ. P. 166a(c) and
no-evidence grounds under Tex. R. Civ.
P. 166a(i).  Wallace filed a written response to the motion for summary
judgment, but offered no summary judgment evidence.

            The
trial court denied the traditional motion for summary judgment, but it granted
the no-evidence motion for summary judgment and ordered that Wallace take
nothing against All-American.  The trial court did not give the reasons for its
ruling.

            In
this appeal, Wallace raises two issues: (1) that there are no findings of fact
or conclusions of law and (2) that All-American did not “present law, statute,
or affidavit to support the motion for Summary Judgment.”  He has no issue that
there were other defects in the motion, and we may not consider any.  Roehrs
v. FSI Holdings, Inc., 246 S.W.3d 796, 805 (Tex. App.—Dallas 2008, pet. denied).

            “Because
findings of fact and conclusions of law have no place in a summary judgment
proceeding,” we overrule Wallace’s first issue.  Linwood v. NCNB Tex.,
885 S.W.2d 102, 103 (Tex. 1994).  Further, because neither case law nor Rule
166a(i) requires that a no-evidence motion for summary judgment contain “law,
statute[s], or affidavit[s]” to support the motion, we overrule Wallace’s
second issue.  Rule 166a(i).

            Even
if we were to read Wallace’s issues broadly enough to otherwise attack the
summary judgment, the result would be the same.  We must review a no-evidence
summary judgment under the same standards as a directed verdict.  King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 750–51 (Tex. 2003).  Accordingly, we
examine the record in the light most favorable to the nonmovant and disregard
all contrary evidence and inferences.  Id.; Wal-Mart Stores, Inc. v.
Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).  A trial court must grant a
proper no-evidence motion for summary judgment unless the nonmovant produces
more than a scintilla of probative evidence to raise a genuine issue of
material fact.  Rule 166a(i); Wal-Mart, 92 S.W.3d at 506.  Wallace
produced no competent summary judgment evidence in response to All-American’s
no-evidence motion for summary judgment.  Because Wallace did not produce more
than a scintilla of probative evidence on the challenged elements of each of
his causes of action, he did not raise a genuine issue of material fact, and the
trial court did not err when it granted the motion.

            The
judgment of the trial court is affirmed.

 

                                                                                                PER
CURIAM

 

December 21,
2012

Panel consists of: Wright, C.J.,

McCall, J., and Hill.[1]

 

Willson, J., not participating.









                [1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.