

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00090-CV
_____

ALICIA L. BRANNON, APPELLANT

V.

TOYOTA INDUSTRIES COMMERCIAL FINANCE, INC., APPELLEE

On Appeal from the 368th District Court
Williamson County, Texas
Trial Court No. 18-0729-C368, Honorable Rick J. Kennon, Presiding

June 22, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Alicia L. Brannon appeals from the trial court's *Final Summary Judgment.*[1] Pending before the Court is Appellee Toyota Industries Commercial Finance, Inc.'s motion to dismiss the appeal as untimely. We grant the motion and dismiss the appeal for want of jurisdiction.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

Toyota sued Brannon for breach of a guaranty agreement, and Brannon countersued. Toyota later moved for summary judgment on its claims and on Brannon's counterclaims. On January 21, 2021, the trial court signed a *Final Summary Judgment*, granting Toyota's summary judgment motion in its entirety. On February 3, 2021, Brannon filed a motion seeking an extension of time to request findings of fact and conclusions of law. By order signed February 23, 2021, the trial court granted the extension, and Brannon filed the request for findings. She filed a notice of appeal on April 19, 2021, eighty-eight days after the signing of the *Final Summary Judgment*.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). To be timely, a notice of appeal must be filed within thirty days after a judgment is signed or within ninety days if a motion for new trial, a motion to modify the judgment, or, where appropriate, a request for findings of fact and conclusions of law is timely filed. TEX. R. APP. P. 26.1(a).

In its motion to dismiss, Toyota asserts that Brannon's notice of appeal was due within thirty days after the *Final Summary Judgment* was signed because no motion for new trial or motion to modify the judgment was filed and the request for findings was improper following a summary judgment. In response, Brannon argues that the appellate deadline was extended because (1) her motion for additional time to request findings operated as a motion to modify the judgment; (2) the trial court's February 23 order granting additional time to request findings was a modification of the *Final Summary Judgment*; and (3) her request for findings were proper. We disagree with Brannon's contentions.

2

First, a motion to modify the judgment extends appellate deadlines only if it seeks a substantive change in the existing judgment. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000). Brannon's motion for extension did not request any change in the judgment, but only sought additional time to file a request for findings and conclusions. Therefore, the motion did not extend the notice of appeal deadline.

Second, the February 23 order made no change to the *Final Summary Judgment*. Therefore, it is not a "modified, corrected or reformed" judgment that restarts the appellate deadlines. *See* TEX. R. CIV. P. 329b(h). Even had the trial court modified its judgment on February 23, the time for appeal runs from the date the modified judgment is signed and Brannon's April 19 notice of appeal would remain untimely.

Third, requests for findings of fact and conclusions of law only extend the deadline "if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." TEX. R. APP. P. 26.1(a)(4). Findings of fact are not proper when judgment is rendered as a matter of law, such as summary judgments. *Ikb Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997). Thus, a request for findings does not extend appellate deadlines after a final summary judgment. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam).

Brannon's notice of appeal was due before the end of the first day the district clerk's office was open following thirty days after the judgment was signed, viz. Monday, February 22, 2021. *See* TEX. R. APP. P. 26.1, 4.1(a). The notice of appeal was not filed, however, until nearly two months later, on April 19, 2021. This Court has no discretion to permit Brannon's untimely filed notice of appeal to confer jurisdiction over this appeal.

3

We, therefore, dismiss the appeal for want of jurisdiction.[2]  *See* TEX. R. APP. P. 42.3(a).

Per Curiam

---

[2] For the reasons provided herein, we also deny Brannon's pending motion to remand the appeal to the trial court to issue findings of fact and conclusions of law.

4