

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-19-00256-CV

**MARSHALL S. HICKS,**

                                                                                            **Appellant**

 **v.**

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**

                                                                                            **Appellee**

_____

**From the 66th District Court
Hill County, Texas
Trial Court No. CV-138-19-DC**

_____

## MEMORANDUM OPINION

In what appears to be seven issues, appellant, Marshall Shane Hicks, who has represented himself throughout this proceeding in the trial and appellate courts, challenges a plea to the jurisdiction granted in favor of appellee, Texas Health and Human Services Commission ("HHSC"). Because we conclude that Hicks failed to timely file his notice of appeal in this matter, we grant HHSC's motion to dismiss.

Hicks filed his pro se original petition alleging numerous complaints involving a reduction of his Supplemental Nutrition Assistance Program Benefits. HHSC responded by filing, among other things, a plea to the jurisdiction contending that the suit should be dismissed for lack of subject-matter jurisdiction because HHSC, as a governmental unit of the State of Texas, is immune from suit on all claims alleged by Hicks.

On June 6, 2019, the trial court conducted a hearing on HHSC's plea to the jurisdiction. At the hearing, although Hicks presented a number of exhibits, the trial court did not admit any as evidence. The exhibits presented by Hicks were included in the appellate record, as they should have been for exhibits that are not admitted into evidence. None of the exhibits presented by Hicks directly addressed any jurisdictional issues, but rather documented his opening statement, demonstrated his request to reschedule a hearing before the Texas Health and Human Services Commission, and included a list of Texas Health and Human Services Commission rules.

On June 7, 2019, the trial court signed a final order granting the State's plea to the jurisdiction. On June 21, 2019, Hicks filed a request for findings of fact and conclusions of law. Hicks filed his notice of appeal on August 2, 2019.

On August 27, 2019, HHSC filed a motion to dismiss Hicks's appeal. Hicks filed a motion to stay appellate proceedings. This Court granted Hicks's motion to stay appellate proceedings pending resolution of HHSC's motion to dismiss and requested that Hicks respond to HHSC's motion to dismiss. In his response to HHSC's motion to

dismiss, Hicks does not complain about the trial court's refusal to admit any of the exhibits presented at the June 7, 2019 hearing.

As noted above, the trial court granted the State's plea to the jurisdiction on June 7, 2019. Pursuant to Texas Rule of Appellate Procedure 26.1, Hicks's notice of appeal was due within thirty days of June 7, 2019. *See* TEX. R. APP. P. 26.1. In his response, Hicks contends that the deadline to file his notice of appeal was extended to within ninety days of June 7, 2019, because he timely filed a request for findings of fact and conclusions of law. *See id.* at R. 26.1(a)(4). Rule 26.1(a) provides an extension to ninety days if any party timely files:

> (1) a motion for new trial;
>
> (2) a motion to modify the judgment;
>
> (3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or
>
> (4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court . . . .

*Id.* at R. 26.1(a).

Because we analyze a plea to the jurisdiction under the rubric of a summary judgment, *see Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004), findings of fact and conclusions of law are not proper. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *see also Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam). This is because there has been no conventional trial on the

merits. *See IKB Indus. (Nigeria) Ltd.*, 938 S.W.2d at 441; *see also Linwood*, 885 S.W.2d at 103.

In the context of a plea to the jurisdiction, findings of fact are superfluous. *See Schmitz v.*

*Denton County Cowboy Church*, 550 S.W.3d 342, 352 (Tex. App.—Fort Worth 2018, pet.

denied) (citation omitted). Thus, when judgment is rendered as a matter of law, such as

in a plea to the jurisdiction, findings and conclusions serve no purpose. *IKB Indus.*

*(Nigeria) Ltd.*, 938 S.W.2d at 443. As the Texas Supreme Court has stated,

> [a] request for findings of fact and conclusions of law does not extend the
> time for perfecting appeal of a judgment rendered as a matter of law, where
> findings and conclusions can have no purpose and should not be requested,
> made, or considered on appeal. Examples are summary judgment . . . and
> any judgment rendered without an evidentiary hearing.

*Id.*

The trial court did not admit any evidence at the June 6, 2019 hearing on HHSC's

plea to the jurisdiction. Therefore, Hicks cannot use his June 21, 2019 request for findings

of fact and conclusions of law to extend the appellate deadlines under Rule 26.1(a)(4). *See*

*id.*; *see also* TEX. R. APP. P. 26.1(a)(4); *Linwood*, 885 S.W.2d at 103. Because Rule 26.1(a)(4)

does not apply to extend the time in which to file his notice of appeal, and because Hicks

did not file his notice of appeal within thirty days of the trial court's June 7, 2019 order

granting HHSC's plea to the jurisdiction, we conclude that Hicks's notice of appeal is

untimely and, thus, deprives this Court of jurisdiction over the appeal. *See* TEX. R. APP.

P. 26.1; *see also Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005)

(holding that, absent a timely notice of appeal, this Court is without jurisdiction to

consider an appeal). We therefore grant the State's motion to dismiss and dismiss Hicks's appeal.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Johnson,
  and Justice Rose[1]
Motion granted; appeal dismissed
Opinion delivered and filed August 11, 2021
[CV06]



---

[1] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.