**Appellee's Motion Granted; Appeal Dismissed and Memorandum Opinion filed September 14, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00429-CV

---

### ALYSSA SERRANO AND BILL SERRANO, Appellants

### V.

### FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2018-36592**

---

### MEMORANDUM OPINION

This is an attempted appeal from a summary judgment signed April 19, 2021. Because appellants' notice of appeal is untimely, we grant appellee's motion to dismiss the appeal.

Appellants filed proposed findings of fact and conclusions of law on April 5, 2021; a motion for new trial on May 20, 2021; and a notice of appeal on July 29, 2021.

Prematurely filed requests for findings of fact and conclusions of law are deemed to have been filed on the date of but subsequent to the time of signing of the judgment. Tex. R. Civ. P. 306c. Appropriate, even premature, requests for findings of fact and conclusions of law may expand the appellate timetable to 90 days. *See* Tex. R. App. 26.1(a)(4); *Cobb v. Cobb*, No. 03-14-00325-CV, 2016 WL 3136886 at *2 (Tex. App.—Austin June 3, 2016, pet. denied) (mem. op.). However, Rule 26.1(a)(4) only allows for an expanded timetable if the findings may be properly considered by the appellate court. *See* Tex. R. App. P. 26.1(a)(4). The underlying proceeding was decided by summary judgment. Because findings of fact and conclusions of law have been held to "have no place in a summary judgment proceeding," the effect of appellants' request did not trigger the expanded 90-day appellate timetable under 26.1(a)(4). *See Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994).[1]

Appellants could have also expanded the appellate timetable by *timely* filing a motion for new trial. *See* Tex. R. App. P. 26.1(a)(1). A motion for new trial must be filed within thirty days of the judgment. *See* Tex. R. Civ. P. 329b(a). Appellants filed their motion for new trial 31 days after the trial court signed its judgment. Accordingly, the appellate timetable was not expanded.

Appellants' notice of appeal was due 30 days after the judgment was signed. *See* Tex. R. App. P. 26.1. Appellants filed their notice of appeal 101 days after the trial court signed its judgment. We lack jurisdiction to consider appellants' appeal.

Appellee's motion is granted, and the appeal is ordered dismissed. *See* Tex. R. App. 42.3(a).

---

[1] Appellants' notice of appeal would have still been late, even under the expanded timetable, but it would have fallen within the 15-day grace period under *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (1997).

2

PER CURIAM

Panel Consists of Justices Jewell, Spain, and Wilson.