

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARY BAXTER and NEIL CHAVIGNY, | § | No. 08-25-00063-CV |
| | § | Appeal from the |
| Appellants, | | |
| | § | 394th District Court |
| v. | | |
| | § | of Presidio County, Texas |
| PRESIDIO COUNTY, TEXAS, | | |
| | § | (TC# 8199) |
| Appellee. | | |
| | § | |

## <u>MEMORANDUM OPINION</u>

Appellants Mary Baxter and Neil Chavigny filed a notice of appeal on February 10, 2025, seeking to appeal from a November 9, 2024 summary judgment on attorney's fees and costs rendered against them.[1] Appellee Presidio County filed a motion to dismiss the appeal for lack of jurisdiction wherein it contends that the appeal was not timely perfected. We GRANT the motion.[2]

Generally, the deadline for filing a notice of appeal is 30 days after the judgment is signed. Tex. R. App. P. 26.1. The deadline may be extended to 90 days if the appellant files a timely post-

---

[1] In a letter dated February 13, 2025, we notified Baxter and Chavigny that the notice of appeal appeared untimely. They responded to this Court's order with a letter and a motion for extension of time to file Appellant's notice of appeal, wherein Baxter and Chavigny argue that they timely filed their notice of appeal on February 7, 2025. They state that the "February 10, 2025" file stamp was a clerical error made in the district court. In support of this assertion, they attach a corrected copy of the notice of appeal indicating that the document was filed on February 7, 2025. However, for the reasons explained in this memorandum opinion, the February 7, 2025 date is still untimely, and this Court is not authorized to extend the filing deadline more than 15 days. Tex. R. App. P. 26.3.

[2] In its motion, Presidio County also asks this Court to grant damages for a frivolous appeal without citation to authority. To the extent the motion seeks damages, it is denied.

judgment motion such as a motion for new trial, motion to modify the judgment, motion to reinstate, or under certain circumstances, a request for findings of fact and conclusions of law. *Id.* 26.1(a)(4) (extending the filing deadline to ninety days after a judgment is signed if a request for findings of fact and conclusions of law "either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court").

"Findings of fact and conclusions of law 'have no place in a summary judgment proceeding' because for summary judgment to be rendered there cannot be any 'genuine issue as to any material fact[.]'" *Balmorhea Ranches, Inc. v. Heymann*, 656 S.W.3d 441, 447 (Tex. App.— El Paso 2022, no pet.) (citing *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994)); Tex. R. Civ. P. 166a(c). Because the findings requested by Baxter and Chavigny are not required by the Rules of Civil Procedure and cannot properly be considered on appeal, the request did not extend the deadline for filing the notice of appeal. Tex. R. App. P. 26.1. The summary judgment was signed by the trial court on November 9, 2024, and Baxter and Chavigny's notice of appeal was due 30 days later on December 9, 2024.

If an appeal is not timely perfected, the appellate court lacks jurisdiction and must dismiss the appeal. Tex. R. App. P. 42.3(a). Therefore, we GRANT the motion, and we dismiss the appeal. All pending motions are denied as moot.

MARIA SALAS MENDOZA, Chief Justice

March 25, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.